JEWEL COLEMAN *vs.* LEO KOSOW & another.[1] December 23, 1969. In this action of contract for a broker's commission the jury awarded damages to the plaintiff, a registered real estate broker specializing in nursing homes, against the defendant Kosow. The declaration alleged a contract between the plaintiff and the defendants, who desired to dispose of two nursing home properties in Worcester, whereby the plaintiff was to make contact with possible buyers, and disclose their identities to the defendants who thereafter would negotiate all details directly with the prospects, and if the prospects produced by the plaintiff executed a contract of sale, the plaintiff would be paid a commission at stated percentages of the gross sale prices. The plaintiff alleged performance on her part and a resulting contract of sale. This type of contract, although unusual, is not unique. See *Smith* v. *Plant,* 216 Mass. 91; *Noble* v. *Mead-Morrison Mfg. Co.* 237 Mass. 5; *Bloomberg* v. *Greylock Bdcst. Co.* 342 Mass. 542. On conflicting evidence, obscured by involved dealings by and between the defendants, the jury could find that the alleged contract was substantially proved, and that the plaintiff did what she was hired to do. The motion for a directed verdict was rightly denied. The judge's charge was clear, concise and free from error. Kosow's requests for instructions, with one exception, were given, not merely in substance, but in terms better adapted to the evidence than the submitted requests. Kosow's request that he would not be liable for a commission for the sale of one of the parcels if he did not have an interest in that parcel when it was discussed by the plaintiff and Zabarsky was rightly denied. There was evidence that Kosow had earlier told the plaintiff that Zabarsky was his partner. Further, one who hires a broker to sell property which he does not own may nevertheless be liable to a broker who performs his part of the contract. *Isenberg* v. *Williams,* 306 Mass. 86, 88–89, and cases cited.

*Exceptions overruled.*

*Philip M. Cronin,* for the defendant, submitted a brief.
*Joseph E. Levine* for the plaintiff.